Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GUIDANCE SOFTWARE, INC., ROBERT VAN SCHOONENBERG, REYNOLDS C. BISH, MAX CARNECCHIA, JOHN COLBERT, PATRICK DENNIS, MICHAEL MCCONNELL, WADE W. LOO, OPEN TEXT CORPORATION, and GALILEO ACQUISITION SUB INC.,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on July 26, 2017 (the "Proposed Transaction"), pursuant to which Guidance Software, Inc. ("Guidance" or the "Company") will be acquired by Open Text Corporation ("Parent") and Parent's wholly-owned

subsidiary, Galileo Acquisition Sub Inc. ("Merger Sub," and together with Parent, "Open Text").

2.      On July 25, 2017, Guidance's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Open Text.  Pursuant to the terms of the Merger Agreement, Merger Sub launched a tender offer (the "Tender Offer") to acquire all of the Company's common stock for $7.10 per share in cash.  The Tender Offer is scheduled to expire on September 6, 2017. Following the consummation of the Tender Offer and the satisfaction or waiver of certain conditions, Merger Sub will be merged with and into the Company (the "Merger"), and the Company will be the surviving corporation.

3.      On August 8, 2017, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Guidance common stock.

9.    Defendant Guidance is a Delaware corporation and maintains its principal executive offices at 1055 E. Colorado Blvd, Pasadena, CA 91106.  Guidance's common stock is traded on the NasdaqGM under the ticker symbol "GUID."

10.    Defendant Robert van Schoonenberg ("van Schoonenberg") is a director and Chairman of the Board of Guidance.

11.    Defendant Reynolds C. Bish ("Bish") is a director of Guidance.

12.    Defendant Max Carnecchia ("Carnecchia") is a director of Guidance.

13.    Defendant John Colbert ("Colbert") is a director of Guidance, and served as Chief Executive Officer ("CEO") of Guidance from 2004 to 2008.

14.    Defendant Patrick Dennis ("Dennis") is a director, President, and CEO of Guidance.

15.    Defendant Michael McConnell ("McConnell") is a director of Guidance.

16.    Defendant Wade W. Loo ("Loo") is a director of Guidance.

17.    The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.    Defendant Parent is a corporation incorporated under the federal laws of Canada,

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

and a party to the Merger Agreement.

19.     Defendant Merger Sub is a Delaware corporation, a direct wholly-owned subsidiary of the Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Guidance (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable. As of August 3, 2017, there were 33,431,155 shares of Guidance common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

27.     Guidance is the leading global provider of digital investigative solutions.  The Company's EnCase platform provides an investigative infrastructure that enables its customers to search, collect, and analyze electronically stored information in order to address human resources matters, litigation matters, allegations of fraud, suspicious network endpoint activity, and to defend and secure their organization's data assets.  Guidance's solutions are used by wide array of institutions and are deployed on an estimated 35 million endpoints at more than 70 of the Fortune 100 companies and hundreds of agencies worldwide, from beginning to endpoint.

28.      The Company's main products and services are its forensic security suite of products, including: EnCase Endpoint Security, which provides IT cybersecurity functionality to enterprises and government agencies through its incident response and sensitive data discovery capabilities; EnCase Endpoint Investigator, which provides an investigative platform that enables an organization to search, collect, preserve, and analyze data on the servers, desktops, and laptops across its network; and EnForce Risk Manager, which allows organizations to implement a proactive approach to information governance, ensuring that sensitive data is identified, classified, and remediated.

29.     In addition to its forensic security products, Guidance also offers the following products: EnCase Forensic, which is a forensic investigation solution that enables forensic

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

practitioners to conduct efficient, forensically sound digital data collection and investigations; EnCase eDiscovery, which is an e-discovery solution addressing the end-to-end e-discovery needs of corporations and government agencies; EnCase eDiscovery Review, which is a cloud-hosted, multi-matter review platform; and Forensic appliances, which includes write blockers, forensic duplicators, and storage devices.

30.     In addition, Guidance complements these offerings with a comprehensive array of professional, subscription, and training services, including technical support and maintenance services to help its customers implement the Company's solutions, conduct investigations, and train their IT and legal professionals to effectively and efficiently use Guidance's products.

31.     On July 25, 2017, the Board caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Open Text.

32.     To the detriment of the Company's stockholders, the terms of the Merger Agreement substantially favor Open Text and are calculated to unreasonably dissuade potential suitors from making competing offers.

33.     For example, the Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

34.     Further, the Company must promptly advise Open Text of any proposals or inquiries received from other parties.

35.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to change its recommendation of the Proposed Transaction under

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  extremely limited circumstances, and grants Open Text a "matching right" with respect to any

2  "Superior Proposal" made to the Company.

3      36.     Further locking up control of the Company in favor of Open Text, the Merger

4  Agreement provides for a "termination fee" of approximately $6 million payable by the

5  Company to Open Text if the Individual Defendants cause the Company to terminate the Merger

6

7  Agreement.

8      37.     By agreeing to all of the deal protection devices, the Individual Defendants have

9  locked up the Proposed Transaction and have precluded other bidders from making successful

10  competing offers for the Company.

11  ***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

12      38.     Defendants filed the Solicitation Statement with the SEC in connection with the

13  Proposed Transaction.

14

15      39.     The Solicitation Statement omits material information with respect to the

16  Proposed Transaction, which renders the Solicitation Statement false and misleading.

17      40.     First, the Solicitation Statement omits material information regarding the

18  Company's financial projections and the analyses performed by the Company's financial

19  advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").  When a banker's endorsement of the

20  fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that

21  opinion as well as the key inputs and range of ultimate values generated by those analyses must

22  also be fairly disclosed.  Moreover, the disclosure of projected financial information is material

23  because it provides stockholders with a basis to project the future financial performance of a

24

25  company, and allows stockholders to better understand the financial analyses performed by the

26  company's financial advisor in support of its fairness opinion.

27

28

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

41.     For example, with respect to Morgan Stanley's Discounted Cash Flow Analysis, the Solicitation Statement indicates that "Morgan Stanley calculated the present value of estimated unlevered free cash flows for the Company for the period from the third quarter of 2017 through the fourth quarter of 2017 and each of the calendar years 2018 through 2024." The Solicitation Statement, however, only discloses the Company's unlevered free cash flows for years 2017 through 2021. The Solicitation Statement therefore fails to, but must, disclose the Company's unlevered free cash flows for years 2022 through 2024, as well as the line items used to calculate those unlevered free cash flows.

42.     Also with respect to Morgan Stanley's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose the inputs and assumptions underlying the discount rate selected by Morgan Stanley, as well as the exit multiples that were implied from Morgan Stanley's analysis.

43.     With respect to Morgan Stanley's Public Trading Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Morgan Stanley in the analysis.

44.     With respect to Morgan Stanley's Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Morgan Stanley in the analysis.

45.     The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: (i) "Opinion of the Company's Financial Advisor;" and (ii) "Certain Unaudited Prospective Financial Information of the Company."

46.     Second, the Solicitation Statement omits material information regarding potential

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

conflicts of interest of the Company's officers.

47.     For example, although not disclosed in the Solicitation Statement, the Offer to Purchase for Cash, attached as Exhibit (a)(1)(A) to the Schedule TO Tender Offer Statement, states that:

> Guidance's officers (other than the Chairman of the Guidance Board) immediately prior to the Effective Time will, from and after the Effective Time, continue as the officers of the Surviving Corporation, each to hold office in accordance with the certificate of incorporation and bylaws of the Surviving Corporation until their respective successors shall have been duly elected or appointed and qualified, or until their earlier death, resignation or removal in accordance with the certificate of incorporation and bylaws of the Surviving Corporation.

48.     The Solicitation Statement, however, fails to disclose the timing and nature of all communications regarding the future employment of Guidance's officers, including who participated in all such communications.

49.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

50.     The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: (i) "Background and Reasons for the Recommendation;" and (ii) "Agreements or Arrangements with Executive Officers and Directors of the Company."

51.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Guidance's stockholders.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

54.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

55.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

56.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

57.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

58.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

59.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

10

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1    materially incomplete and misleading.

2        60.    By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

3        61.    Because of the false and misleading statements in the Solicitation Statement,

4    plaintiff and the Class are threatened with irreparable harm.

5        62.    Plaintiff and the Class have no adequate remedy at law.

6

7    <u>**COUNT II**</u>

8    **(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

9        63.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

10       64.    Section 14(d)(4) of the 1934 Act states:

11   Any solicitation or recommendation to the holders of such a security to accept or

12   reject a tender offer or request or invitation for tenders shall be made in
accordance with such rules and regulations as the Commission may prescribe as

13   necessary or appropriate in the public interest or for the protection of investors.

14       65.    Rule 14d-9(d) states, in relevant part:

15   Any solicitation or recommendation to holders of a class of securities referred to

16   in section 14(d)(1) of the Act with respect to a tender offer for such securities
shall include the name of the person making such solicitation or recommendation

17   and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-
101) or a fair and adequate summary thereof[.]

18   Item 8 requires that directors must "furnish such additional information, if any, as may be

19   necessary to make the required statements, in light of the circumstances under which they are

20   made, not materially misleading."

21       66.    The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it

22   omits the material facts set forth above, which renders the Solicitation Statement false and/or

23   misleading.

24       67.    Defendants knowingly or with deliberate recklessness omitted the material

25   information set forth above, causing statements therein to be materially incomplete and

26   misleading.

27

28

68.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

69.     Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Open Text)

70.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71.     The Individual Defendants and Open Text acted as controlling persons of Guidance within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Guidance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

72.     Each of the Individual Defendants and Open Text was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

73.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as

alleged herein, and exercised the same.  The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

74.    Open Text also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

75.    By virtue of the foregoing, the Individual Defendants and Open Text violated Section 20(a) of the 1934 Act.

76.    As set forth above, the Individual Defendants and Open Text had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

77.    As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

78.    Plaintiff and the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to file a Solicitation Statement that does not

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 14, 2017

WEISSLAW LLP

By: _____
Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934